Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone: 323.962.3777; Facsimile: 323.962.3004
Email: aharris@harrisandruble.com
pmohan@harrisandruble.com

Attorneys for Plaintiff Christopher O'Sullivan
(Additional Counsel for Plaintiff O'Sullivan on Following Page)

Shaun Setareh (SBN 204514)
LAW OFFICE OF SHAUN SETAREH
9454 Wilshire Blvd. Penthouse
Beverly Hills, California 90212
Telephone: 310.888.7771; Facsimile: 310.888.7771
Email: shaun@setarehlaw.com

Attorneys for Plaintiff Alice Ogues
(Additional Counsel for Plaintiff Ogues on Following Page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER O'SULLIVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMN SERVICES, INC. dba Medical Express, and DOE 1 through and including DOE 100,<br><br>Defendants. | Case No. 3:12-cv-02125 JCS<br>Consolidated with 3:12-CV-3190 JCS<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>*Hearing Information*<br>Date:          February 7, 2014<br>Time:         9:30 a.m.<br>Courtroom: G<br>Judge:        Hon. Joseph C. Spero |
| ALICE OGUES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMN SERVICES, LLC, AMN HEALTHCARE, INC., AMN HEALTHCARE SERVICES, INC., and DOES 1 to 50,<br><br>Defendants. | |

| | |
|---|---|
| 1 | **ADDITIONAL COUNSEL FOR PLAINTIFF CHRISTOPER O'SULLIVAN** |
| 2 | David S. Harris (SBN 215224) |
| | NORTH BAY LAW GROUP |
| 3 | 116 E. Blithedale Avenue, Suite #2 |
| | Mill Valley, California  94941-2024 |
| 4 | Telephone: 415.388.8788; Facsimile: 415.388.8770 |
| | Email: dsh@northbaylawgroup.com |
| 5 | |
| | James Rush (SBN 240284) |
| 6 | LAW OFFICES OF JAMES D. RUSH |
| | 7665 Redwood Blvd., Suite 200 |
| 7 | Novato, California 94945-1405 |
| | Telephone: 415.897.4801l; Facsimile: 415.897.5316 |
| 8 | Email: jimrush22@yahoo.com |
| 9 | |
| 10 | **ADDITIONAL COUNSEL FOR PLAINTIFF ALICE OGUES** |
| 11 | David Spivak (SBN 179684) |
| | THE SPIVAK LAW FIRM |
| 12 | 9454 Wilshire Blvd. Suite 303 |
| | Beverly Hills, California 90212 |
| 13 | Telephone:  310.499.4730; Facsimile: 310.499.4739 |
| | Email: david@spivaklaw.com |
| 14 | |
| | Louis Benowitz (SBN 262300) |
| 15 | LAW OFFICES OF LOUIS BENOWITZ |
| | 9454 Wilshire Blvd. Penthouse |
| 16 | Beverly Hills, California 90212 |
| | Telephone: 310.844.5141; Facsimile: 310.492.4056 |
| 17 | Email: louis@benowitzlaw.com |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**[~~PROPOSED~~] ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On February 7, 2014 the Court heard the Named Plaintiffs Christopher O'Sullivan and Alice Ogues' unopposed motions for final approval of the class action settlement, and for awards of attorneys' fees, costs, and incentive payments as set forth in the Settlement Agreement, in the above-captioned action. In accordance with the Preliminary Approval Order, Settlement Class members have been given notice of the terms of the Class Action Settlement Agreement and Release of All Claims (hereafter "Settlement Agreement" or "Agreement") and an opportunity to object to the Agreement, comment on it, participate it in, and exclude themselves from it. Having considered the Agreement, the papers submitted by the Parties in support of final approval of the Settlement Agreement, and the argument at the final approval hearing held on February 7, 2014, the Court **HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties and Settlement Class members in this litigation.

3. The Court finds that certification of the following class for settlement purposes only, is appropriate under Rule 23 of the Federal Rules of Civil Procedure: "All persons employed by AMN Services, LLC as non-exempt healthcare professionals in the State of California during the period from January 30, 2008 to September 10, 2013."

4. The Court finds that the Settlement Class meets the ascertainability, numerosity, commonality and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

5. The Court finds that Named Plaintiffs Christopher O'Sullivan, Alice Ogues and David Bell are adequate class representatives and appoints them as such.

6. The Court finds that Class Counsel, Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Law Offices of Shaun Setareh, have adequately represented the Settlement Class, and their appointment as Class Counsel is confirmed.

7. Four (4) individuals filed timely request for exclusion in accordance with the requirements set forth in the Class Notice, and are therefore not members of the Settlement Class.

## FINAL APPROVAL OF NOTICE PROGRAM

8. Pursuant to the Court's Preliminary Approval Order, the form of Class Notice was mailed to Settlement Class members by first class mail. The Notice informed Settlement Class members of the terms of the Settlement Agreement, their opportunity to file claims to opt-out of the Settlement Class, to file written objections, and to appear in person or by counsel at the fairness hearing. The Court finds that these procedures afforded protections to Settlement Class members and provided the basis for the Court to make an informed decision and approval of the Agreement. The Court finds further that the Class Notice provided in this case was both the best notice practicable and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. The Court has reviewed the Settlement Agreement and finds that the Settlement Agreement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages. The Court finds further that extensive investigation, formal and informal discovery, and research have been conducted such that counsel for all Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those already incurred by the Parties, and will avoid the delay and risks that would be presented by further prosecution of the Action. The Court finds that the Settlement Agreement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

10. The Court finds that no Settlement Class members validly and timely objected to the Settlement.

11. Pursuant to the terms of the Settlement Agreement, in exchange for the Settlement Class members agreeing to release the Class Released Claims, the total maximum amount Defendants may be required to pay under the Agreement is $3,000,000.00 ("Gross Fund Value"), which is inclusive of the individual settlement payments to Class Members who submitted valid Claim Forms, Defendants'

portion of payroll taxes, the enhancement awards to the Named Plaintiffs, the awards of attorneys' fees and costs to Class Counsel, the reasonable expenses of the Claims Administrator and any payments made to the California Labor and Workforce Development Agency. Taking into account the (1) value of the Settlement Agreement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the stage of litigation when Settlement was reached, (4) the complexity, expense, and likely duration of the litigation in the absence of settlement, and (5) the experience and views of counsel, the Court finds that the Settlement Agreement is fair, adequate, reasonable, and deserves this Court's final approval. The Court further finds that the Settlement Agreement was made in good faith, negotiated at arm's length and represents the best interests of the Parties. Accordingly, the Court orders the Parties to consummate the settlement in accordance with the terms of the Settlement Agreement.

12. Neither this Final Approval Order, nor the Settlement Agreement shall constitute an admission by Defendants of any liability or wrongdoing whatsoever, nor is this Final Approval Order a finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendants. Nor is any act performed or document executed pursuant to, or in furtherance of, the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Class Released Claims, or of any wrongdoing or liability of Defendants and other released persons, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants and other released persons, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling the Actions pursuant to the terms of the Settlement Agreement or enforcing the release of the Class Released Claims.

## DISMISSAL AND RELEASE

13. In accordance with the terms of the Settlement Agreement, this Action shall be dismissed on the merits and with prejudice, with each party bearing its own costs, except as provided in the Settlement Agreement.

14. By this Final Approval Order, in exchange for the consideration provided, Plaintiffs and each member of the Settlement Class who does not submit a valid Request for Exclusion release AMN and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers,

directors, attorneys, and healthcare facility clients including but not limited to Kaiser Permanente, Inc., thereof for all "Class Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, which relate to wage and hour and California Labor Code or Federal wage and hour claims arising from the factual allegations specified in the October 5, 2012, Amended Consolidated Class Action Complaint for the O'Sullivan/Ogues Action ("Amended Consolidated Complaint") and the Bell Action, including but not limited to waiting time penalties, meal periods, rest breaks, timely payment of wages, minimum and overtime wages or rates, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever, and any other claims or legal theories asserted, or which could have been asserted, in the Amended Consolidated Complaint under the California Labor Code § 2699 or Business & Professions Code (including Section 17200), the California Wage Orders or California Labor Code or the Fair Labor Standards Act. The Class Released Claims do not include claims for workers' compensation benefits or any of the claims that may not be released by law or that are not based on the facts as alleged in the Amended Consolidated Complaint.

15. The only Settlement Class members entitled to payment pursuant to this Final Approval Order are Settlement Class members who submitted valid Claim Forms.

16. Without affecting the finality of the Final Approval Order, the Court reserves continuing and exclusive jurisdiction over the Parties and Settlement Class members to administer, supervise, construe, and enforce the Agreement and this Final Approval Order in accordance with its terms for the mutual benefit of the Parties. Under Federal Rules of Civil Procedure, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Approval Order.

## ALLOCATION OF THE SETTLEMENT

17. Because no objections have been lodged to the Settlement Agreement, the Final Effective Date of the Settlement Agreement shall be the date of the Final Approval Order.

18. Defendant shall fund the Gross Fund Value within twenty (20) calendar days of the Final Effective Date.

19. The Court finds that Class Counsel, Alan Harris, of Harris & Ruble, and Shaun Setareh, of the Law Offices of Shaun Setareh, and Counsel for Class Representative David Bell, Joseph Cho, of Aequitas Law Group, having conferred a benefit on Named Plaintiffs and the Settlement Class members and having expended efforts to secure compensation to the Settlement Class, are entitled to a fee, and accordingly, within thirty (30) calendar days after the Final Effective Date, Class Counsel shall be paid a fee award of twenty-five percent (25%) of the Gross Fund Value, or $750,000, of the Maximum Settlement Amount, plus the Class Counsel's actual out-of-pocket expenses in prosecuting the Actions of $14,007.44. The Aequitas Law Group shall be reimbursed its actual out-of-pocket expenses in the amount of $3,490.25.  The attorneys' fees shall be allocated as follows:  93% to Counsel for Class Representative O'Sullivan and Ogues and 7% to Counsel for Class Representative Bell.

20. Within thirty (30) calendar days after the Final Effective Date, Named Plaintiffs Christopher O'Sullivan and Alice Ogues shall be paid Enhancement Awards of $5,000 each from the Gross Fund Value, and David Bell shall be paid an Enhancement Award of $2,000, in exchange for general releases in accordance with the Settlement Agreement.

21. The Court further approves that Gilardi & Co., LLC will administer the settlement pursuant to the Agreement.  Gilardi & Co., LLC shall be paid Claims Administration costs of $60,000.00 from the Gross Fund Value for its services rendered in administering the settlement, in accordance with the Agreement, within thirty (30) calendar days of the Final Effective Date.

22. Within thirty (30) calendar days after the Final Effective Date, Settlement Class Members who submitted valid Claim Forms shall receive Settlement Shares from the Net Fund Value, in accordance with the Settlement Agreement.

23. Settlement Class members who submitted valid Claim Forms shall have 120 days from when their checks for Settlement Shares are issued to cash their checks.  Not fewer than 120 days, nor more than 130 days, after the issuance of checks for Settlement Shares to Settlement Class members who submitted valid Claim Forms, the funds from any checks that remain uncashed for more than 120 days shall be paid to the California Labor and Workforce Development Agency.

1    24.  The Court further finds that four (4) Settlement Class members have requested exclusion
2 from the Settlement. Attached hereto as Exhibit A is a true and correct copy of those Settlement Class
3 members who have requested exclusion from the Settlement to date, and therefore, are not members of
4 the Settlement Class, not bound by this Final Approval Order, and not entitled to any Settlement Shares
5 under the Agreement.

6    25.  Except as stated in this Final Approval Order, all other terms of the Settlement
7 Agreement will remain as stated in the Settlement Agreement and all accompanying documents and the
8 orders of this Court.

9    26.  The Court will retain jurisdiction for purposes of enforcing this Agreement, addressing
10 settlement administration matters, and addressing such matters as may be appropriate under court rules
11 or applicable law.

IT IS SO ORDERED.

Dated: __2/7____, 2014        BY_____
                              HON. JOSEPH C. SPERO
                              United States Magistrate Judge

